**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RENEE LEMPKE, Individually and as the | : | |
| Executrix of the Estate of Robert Lempke, | : | |
| Deceased | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | No. 2:11-cv-01236-GLL |
| | : | |
| A.B. CHANCE COMPANY, | : | |
| and | : | |
| COOPER BUSSMAN, INC., | : | |
| and | : | |
| COOPER INDUSTRIES, INC. | : | |
| and | : | |
| COOPER POWER SYSTEMS, INC. F/K/A | : | |
| MCGRAW EDISON POWER SYSTEMS | : | |
| AND F/K/A "KEARNEY" | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| RENEE LEMPKE, Individually and as the | : | |
| Executrix of the Estate of Robert Lemke, | : | |
| Deceased | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | No. 2:11-cv-01237-GLL |
| | : | |
| GENERAL ELECTRIC COMPANY, | : | |
| and | : | |
| GE INDUSTRIAL SYSTEMS/SOLUTIONS A/K/A: | | |
| GE ELECTRICAL DISTRIBUTION & CONTROL,: | | |
| and | : | |
| SCHWEITZER ENGINEERING | : | |
| LABORATORIES, INC. | : | |
| and | : | |
| HUBBELL POWER SYSTEMS, INC. | : | |
| and | : | |
| | : | |
| Defendants. | : | |

784395_1

## CONSOLIDATED STIPULATED PROTECTIVE ORDER & NON-DISCLOSURE AGREEMENT

AND NOW, this _13th_ day of _FEBRUARY_, 2012,  as stipulated and agreed by and

between the parties by and through their undersigned counsel, it is hereby ORDERED and

DECREED that:

      1.     The Plaintiff in the above captioned matters, which have been consolidated by

court order for discovery purposes only, has requested in written Interrogatories and Request for

Production of Documents, information, data and documents containing confidential and

proprietary research, sales, marketing, financial, design, manufacturing, quality assurance, and

test data and information related to the 25 Amp. Type T. Fuse manufactured by Hubbell Power

Systems, Inc.

      2.     The production of the confidential and proprietary research, sales, marketing,

financial, design, manufacturing, quality assurance, and test data and information related to the

25 Amp. Type T. Fuse manufactured by Hubbell Power Systems, Inc.  without the protection and

control of a Protective Order and Non-Disclosure Agreement executed by all parties and their

consultants and/or experts, in which the parties stipulate and agree to protect the confidential and

proprietary data, information and documents as **"Confidential- Attorneys Eyes Only"** will

cause severe prejudice to, and irreparably harm the operations and finances of Hubbell Power

Systems, Inc. and erode the company's competitiveness and market share in the fuse

manufacturing industry, especially where, as here, the parties to the  herein consolidated

litigation are competitors of Hubbell Power Systems, Inc.

784395_1

3.      The parties subject to the herein Protective Order and Non-Disclosure Agreement, in an effort to facilitate the production of the confidential and proprietary data, information and documents requested by the Plaintiff from Defendant, Hubbell Power Systems, Inc. specifically with regard to the research, sales, marketing, financial, design, manufacturing, quality assurance, and test data and information related to the 25 Amp. Type T. Fuse manufactured by Hubbell Power Systems, Inc., hereby agree and stipulate that the confidential and proprietary information designated as **"Confidential-Attorney Eyes Only"** shall  be that information related to the proprietary and/or confidential written, recorded, electronic, photographic, digital, computer programming, computer aided design drawings, and/or schematics and/or software that relate to the research, sales, marketing, financial, design, manufacturing, quality assurance, and test data and information, of the Hubbell Power Systems, Inc.'s 25 Amp. Type T. Fuse.

4.      The parties to the herein Stipulated Protective Order and the signatories to the Non-Disclosure Agreement attached hereto and marked as Exhibit "A", hereby  stipulate and agree that the confidential and proprietary information identified as **"Confidential-Attorney Eyes Only"** shall be received, processed, handled, stored, distributed and destroyed in the accordance with the terms and conditions set forth in the herein Stipulated Protective Order and the Non-Disclosure Agreement attached hereto and marked as Exhibit, "A".

5.      All confidential and proprietary documents designated as **"Confidential-Attorney Eyes Only"** shall be identified as such by the designating party, by promptly marking each such document,  **"Confidential-Attorney Eyes Only"** and the documents shall thereafter be treated in accordance with the terms and conditions of this Stipulated Protective Order and the Non-Disclosure Agreement attached hereto and marked as "Exhibit "A".

784395_1

6.      The confidential and proprietary documents marked as **"Confidential-Attorney Eyes Only"** shall be examined only by the attorneys for the parties, employees of the attorneys for the parties, and the consultants and/or experts of the parties, witnesses and/or deponents in the matters, <u>Renee Lempke v. Osmose Utilities et. al.</u>, U.S.D.C. W.D. Pa. Case No. 2:11-cv-01236-GLL, and <u>Renee Lempke v. General Electric, et al.</u>, U.S.D.C. W.D. Pa. Case No. 2:11-cv-01237-GLL who have executed the herein Stipulated Protective Order, and/or signed the Non-Disclosure Agreement in the form attached hereto and marked as Exhibit "A", and have agreed to protect such documents, materials, data and information in accordance with the terms and conditions set forth in the herein Stipulated Protective Order and Non-Disclosure Agreement.

7.      Before any person other than trial counsel, and/or a person employed by trial counsel's law firm, examines any of the confidential and proprietary documents designated **"Confidential-Attorney Eyes Only"**, such person shall sign the non-disclosure agreement attached hereto and marked as Exhibit, "A".

8.      Copies of the executed Non-Disclosure Agreements shall be sent by facsimile and electronic mail to Counsel for Hubbell Power Systems, Inc. within three (3) business days after the Non-Disclosure document has been signed.

9.      The Parties hereby further stipulate and agree that neither the confidential and proprietary documents marked, **"Confidential-Attorney Eyes Only"**, the confidential and proprietary information and/or data contained therein, nor analog, electronic, and/or digital and/or paper and/or recorded copies and/or images of same, shall be examined and/or read and/or possessed and/or controlled and/or copied by the Defendants and/or employees of the Defendants to the herein litigation, whether or not the Defendants and/or the employees of the

Parties have signed the herein Protective Order and/or the Non-Disclosure Agreement.

10. Counsel for the parties, employees of counsel for the parties, and the consultant and/or experts of the parties who have executed the herein Protective Order and Non-Disclosure Agreement shall process, handle, distribute, and/or use such **"Confidential-Attorney Eyes Only"** documents, any copies made of them, and those portions of any depositions transcripts, affidavits, or other paper that quote, paraphrase, or discuss the substance of such **"Confidential-Attorney Eyes Only"** documents, information and/or data, only to prepare the actions Renee Lempke v. Osmose Utilities et. al., U.S.D.C. W.D. Pa. Case No. 2:11-cv-01236-GLL, and Renee Lempke v. General Electric, et al., U.S.D.C. W.D. Pa. Case No. 2:11-cv-01237-GLL for trial, and shall not distribute the documents marked **"Confidential-Attorney Eyes Only"**, the data and information contained therein, nor any copies of any of the documents marked **"Confidential-Attorney Eyes Only"** to any other person or parties except as authorized herein.

11. The parties to the herein Stipulated Protective Order further stipulate and agree that they shall not produce any confidential and proprietary documents marked, **"Confidential-Attorney Eyes Only"** to any parties, and/or witnesses and/or consultants and/or experts in the consolidated matter, Renee Lempke v. First Energy Solutions et. al., Philadelphia CCP. December Term, 2009, Docket No. 03351, unless and until the parties, and/or witnesses and/or consultants, and/or experts in the consolidated matter, Renee Lempke v. First Energy Solutions et. al., Philadelphia CCP. December Term, 2009, Docket No. 03351, sign the herein Protective Order and/or Non-Disclosure Agreement. In the event that a party and/or witness refuses to agree and/or sign the herein Protective Order and Non-disclosure Agreement, in the consolidated matter, Renee Lempke v. First Energy Solutions et. al., Philadelphia CCP. December Term, 2009, Docket No. 03351, Plaintiff shall file a motion with the Court in the consolidated matter,

Renee Lempke v. First Energy Solutions et. al., Philadelphia CCP. December Term, 2009,

Docket No. 03351 to enforce the Protective Order and Non-disclosure agreement and obtain an

order, directing the Party and/or Witnesses who refuses to sign and/or execute the herein

Protective Order and Non-Disclosure Agreement to protect the Confidential and Proprietary

Documents of Hubbell Power Systems, Inc. which have been marked "Confidential – Attorneys

Eyes" in accordance with the terms and conditions of the herein Protective Order and Non-

Disclosure Agreement.

      12.    Any **"Confidential-Attorney Eyes Only"** documents filed with

the court and any brief or other paper that quotes, reproduces, or otherwise, divulges the contents

of any confidential and proprietary document shall be kept by the clerk under seal and shall be

made available only to the court or persons authorized by the terms of this Protective Order to

have access thereto. If the appropriate officer of the court does not permit filing in this matter,

then such document, brief, paper will be filed as permitted, in the manner that gives the greatest

protection to its confidentiality.

      13.    Nothing set forth in the herein Protective Order, shall restrict counsel from using

any documents marked **"Confidential-Attorney Eyes Only"** nor the contents of the documents

marked **"Confidential-Attorney Eyes Only"** in the prosecution or defense of this action or

interrogating or deposing witnesses as to the subject matter of any document marked

**"Confidential-Attorney Eyes Only",** provided that the document itself is treated in accordance

with terms and conditions set forth in the herein Protective Order and in the Non-Disclosure

Agreement attached hereto and marked as Exhibit "A". If a witness refuses to agree to be bound

by the terms of this Stipulated Protective Order, and refuses to sign the Non-Disclosure

Agreement in the form attached hereto and marked as Exhibit "A", the Plaintiff shall be

784395_1

permitted to file a Motion with the Court in the Pennsylvania Consolidated Matter, Renee
Lempke v. First Energy Solutions et. al., Philadelphia CCP. December Term, 2009, Docket No.
03351 seeking an Order to enforce the terms and conditions of this Protective Order and Non-
disclosure agreement and ordering the party and/or witness to protect the Hubbell documents
stamped "Confidential-Attorney Eyes Only" abide by the terms and conditions set forth in the
herein Protective Order and Non-Disclosure Agreement..

14.     Any deposition, hearing and/or trial transcript containing confidential and
proprietary information and/or data derived from documents marked **"Confidential-Attorney
Eyes Only"** shall itself be protected in accordance with the terms and conditions set forth in the
herein Protective Order and Non-Disclosure Agreement. Any deposition, hearing and/or trial
transcript containing confidential and proprietary information and or data from documents
marked **"Confidential-Attorney Eyes Only"** that is filed with the Court, shall be treated in
accordance with the terms and conditions set forth in paragraph 12 of the herein Protective
Order.

15.     The foregoing is without prejudice to the right of any party: (a) to apply to the
court for a further protective order relating to any particular documents or information; (b) to
object to any discovery request; or, (c) to apply to the court for a modification of this order.

16.     If counsel for a party wishes to object to a document and/or the contents of a
document being marked and/or classified as **"Confidential-Attorney Eyes Only"** and subject to
the terms and conditions of the herein Stipulated Protective Order and Non-Disclosure
Agreement, then, the objecting counsel must file a Motion with the Court setting forth the
Party's objection within 45 days of receipt of the document and before Counsel discloses the
document marked **"Confidential-Attorney Eyes Only"** and/or the contents of the document

784395_1

marked **"Confidential-Attorney Eyes Only"** to any other person, party, entity, consultant and/or expert whether or not said person, party entity, consultant, and/or expert has signed the Stipulated Protective Order and/or the Non-Disclosure Agreement.

17.    The parties to this Stipulated Protective Order and Non-Disclosure Agreement consent to the jurisdiction of the United States District Court for the Western District of Pennsylvania for the purposes of enforcing the terms and conditions of the herein Protective Order and Non-Disclosure Agreement, and determining: (1) if any party believes that there has been a breach of the terms of this Stipulated Protective Order and/or Non-Disclosure Agreement, whether such breach has occurred; (2) what equitable remedies are available to Hubbell Power Systems, Inc. as a result of such breach and/or disclosure; and, (3) what damages have resulted from any such breach and/or disclosure.

18.    The parties to the herein Protective Order further agree that, Hubbell Power Systems, Inc. shall be entitled to equitable relief in addition to whatever remedies they may have at law,  upon any such breach or threat of breach of the terms and conditions of the herein Protective Order and/or Non-Disclosure Agreement, whether or not the breach or threat of breach is caused by  the Party, the Party's attorney, and/or the consultant and/or expert retained by the Party. If in fact there has been a disclosure of confidential and proprietary documents protected by the herein protective order, a hearing shall be held by the court and the nature and circumstances of the disclosure will be taken into account by the court.

19.    The parties to the herein Protective Order further agree to immediately notify Counsel for Hubbell Power Systems, Inc. in writing, by way of facsimile and/or electronic mail within 24 hours of the occurrence of any breach or upon any threat of a breach of the terms and conditions of the herein Protective Order and/or Non-Disclosure Agreement.

784395_1

20.     The parties to the herein Protective Order further agree that the confidential and
proprietary information and/or documents marked, **"Confidential-Attorney Eyes Only"**, that
comes into the possession and/or control of Counsel for the Parties and the Parties' consultants
and/or experts, shall not in any way be used directly or indirectly by the parties, their attorneys
and/or their consultants and/or experts for purposes other than this litigation and/or only for the
litigation in the Pennsylvania Court of Common Pleas consolidated matter, Renee Lempke v.
First Energy Solutions et. al., Philadelphia CCP. December Term, 2009, Docket No. 03351 I
accordance with the terms and/or conditions of this Protective Order and/or Non-Disclosure
Agreement and/or within the terms and conditions of the Order of the Philadelphia Court of
Common Pleas enforcing the terms and conditions of the herein Protective Order and Non-
Disclosure Agreement and/or shall not be used for material gain, and/or to compete with Hubbell
Power Systems, Inc. in the fuse manufacturing industry and/or market and/or to cause harm to
Hubbell Power Systems, Inc..

21.     The Parties further agree that neither the Parties, their attorneys and/or consultants
and/or experts will disclose and/or distribute any documents marked **"Confidential-Attorney
Eyes Only"** nor any of the information and/or data contained therein, to any other person, for-
profit or not-for-profit organizations and/or companies not authorized to receive such
information as set forth in the herein Stipulated Protective Order, and Non-Disclosure
Agreement.

22.     The Parties further agree that the Parties and their attorneys, consultants and
experts shall, at the conclusion of this action, return all documents marked, **"Confidential-
Attorney Eyes Only"** in their possession and/or control to Counsel for Hubbell Power Systems,
Inc. within thirty (30) days after the dismissal and/or settlement and/or conclusion of the

784395_1

consolidated Federal court Actions and/or the consolidated action, , <u>Renee Lempke v. First Energy Solutions et. al.</u>, Philadelphia CCP. December Term, 2009, Docket No. 03351.

As stipulated and agreed to by and between the parties in the matters of <u>Renee Lempke v. Osmose Utilities et. al.</u>, U.S.D.C. W.D. Pa. Case No. 2:11-cv-01236-GLL, and <u>Renee Lempke v. General Electric, et al.</u>, U.S.D.C. W.D. Pa. Case No. 2:11-cv-01237-GLL.

Date: 1/3/12          By: _____
                           Matthew A. Casey, Esquire
                           Roberta Golden, Esquire
                           Gregory Haroutounian, Esquire
                           Ross Feller Casey, LLP
                           One Liberty Place, Suite 3450
                           1650 Market Street
                           Philadelphia, PA 19103
                           **Counsel for Plaintiff**

Date: 2-10-2012       By: _____
                           Dean F. Murtagh, Esquire
                           William J. D'Annunzio, Esquire
                           German, Gallagher & Murtagh P.C.
                           The Bellevue, Suite 500
                           200 South Broad Street
                           Philadelphia Pa. 19102
                           **Counsel for Defendant,**
                           **A.B. Chance, A Division of**
                           **Hubbell Power Systems, Inc.**

Date: _____  By: _____
                           Christopher Parkerson, Esquire
                           Campbell Campbell Edwards & Conroy PC
                           One Constitution Plaza
                           Third Floor
                           Boston, MA 02129
                           Tel: (617) 241-3000
                           Facsimile: (617) 241-5115
                           E-mail: cparkerson@Campbell-trial-lawyers.com
                           **Attorney for Defendants, General Electric**
                           **Company and GE Industrial Solutions**

784395_1

consolidated Federal court Actions and/or the consolidated action, , <u>Renee Lempke v. First</u>

<u>Energy Solutions et. al.</u>, Philadelphia CCP. December Term, 2009, Docket No. 03351.

    As stipulated and agreed to by and between the parties in the matters of <u>Renee Lempke v.</u>

<u>Osmose Utilities et. al.</u>, U.S.D.C. W.D. Pa. Case No. 2:11-cv-01236-GLL,  and <u>Renee Lempke</u>

<u>v. General Electric, et al.</u>, U.S.D.C. W.D. Pa. Case No. 2:11-cv-01237-GLL.

Date:_____    By:   _____

                                Matthew A. Casey, Esquire
                                Gregory Haroutounian, Esquire
                                Ross Feller Casey, LLP
                                One Liberty Place, Suite 3450
                                1650 Market Street
                                Philadelphia, PA 19103
                                **Counsel for Plaintiff**

Date:_____    By:   _____

                                Dean F. Murtagh, Esquire
                                William J. D'Annunzio, Esquire
                                German, Gallagher & Murtagh P.C.
                                The Bellevue, Suite 500
                                200 South Broad Street
                                Philadelphia Pa. 19102
                                **Counsel for Defendant,**
                                **A.B. Chance, A Division of**
                                **Hubbell Power Systems, Inc.**

Date:  12-21-11    By:   _____

                                Christopher Parkerson, Esquire
                                Campbell Campbell Edwards & Conroy PC
                                One Constitution Plaza
                                Third Floor
                                Boston, MA 02129
                                Tel: (617) 241-3000
                                Facsimile: (617) 241-5115
                                E-mail: cparkerson@Campbell-trial-lawyers.com
                                **Attorney for Defendants, General Electric**
                                **Company and GE Industrial Solutions**

784395_1

Date: 12/20/11          By: _____

Allen Bunker, Esquire
Anthony J. Comerota, Esquire
Comeau & Bunker
Four Penn Center, Suite 500
1600 JFK Boulevard
Philadelphia, PA 19103
**Attorney for Defendant, Schweitzer
Engineering Laboratories, Inc.**

Date: _____     By: _____

John J. Snyder, Esquire
William J. Carr, Esquire
Joseph A. Gorman, Esquire
Rawle & Henderson, LLP
The Widener Building, 16th Floor
One South Penn Square
Philadelphia, PA 19107
**Attorney for Defendants,
Cooper Bussmann, LLC, Cooper Bussman, Inc.
(n/k/a Cooper Bussman, LLC), Cooper
Industries, Inc. (n/k/a Cooper Industries, Ltd.)
and Cooper Power Systems, Inc. (n/k/a Cooper
Power Systems, LLC)**

BY THE COURT:

_____

                                                    J.

784395_1

Date: _____     By:     _____
                                  Allen Bunker, Esquire
                                  Anthony J. Comerota, Esquire
                                  Comeau & Bunker
                                  Four Penn Center, Suite 500
                                  1600 JFK Boulevard
                                  Philadelphia, PA 19103
                                  **Attorney for Defendant, Schweitzer
                                  Engineering Laboratories, Inc.**

Date: _/ - //-/2_          By:     _____
                                  John J. Snyder, Esquire
                                  Michael G. Sabo, Esquire
                                  Joseph A. Gorman, Esquire
                                  Rawle & Henderson, LLP
                                  The Widener Building, 16th Floor
                                  One South Penn Square
                                  Philadelphia, PA 19107
                                  **Attorney for Defendants,
                                  Cooper Bussmann, LLC, Cooper Bussman, Inc.
                                  (n/k/a Cooper Bussman, LLC), Cooper
                                  Industries, Inc. (n/k/a Cooper Industries, Ltd.)
                                  and Cooper Power Systems, Inc. (n/k/a Cooper
                                  Power Systems, LLC)**

                           BY THE COURT:
                           _____
                                                      C. J.