## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE LEMPKE, Individually and as the Executrix of the Estate of Robert Lempke, Deceased | : | |
| Plaintiff, | : | |
| VS. | : | No. 2:11-cv-01236-GLL |
| A.B. CHANCE COMPANY, and COOPER BUSSMAN, INC., and COOPER INDUSTRIES, INC. and COOPER POWER SYSTEMS, INC. F/K/A MCGRAW EDISON POWER SYSTEMS AND F/K/A "KEARNEY" Defendants. | : | |
| RENEE LEMPKE, Individually and as the Executrix of the Estate of Robert Lemke, Deceased Plaintiff, | : | |
| VS. | : | No. 2:11-cv-01237-GLL |
| GENERAL ELECTRIC COMPANY, and GE INDUSTRIAL SYSTEMS/SOLUTIONS A/K/A GE ELECTRICAL DISTRIBUTION & CONTROL, and SCHWEITZER ENGINEERING LABORATORIES, INC. and HUBBELL POWER SYSTEMS, INC. and Defendants. | : | |

784395_1

# CONSOLIDATED STIPULATED PROTECTIVE ORDER & NON-DISCLOSURE AGREEMENT

AND NOW, this 13th day of February, 2012, as stipulated and agreed by and between the parties by and through their undersigned counsel, it is hereby ORDERED and DECREED that:

1. The Plaintiff in the above captioned matters, which have been consolidated by court order for discovery purposes only, has requested in written Interrogatories and Request for Production of Documents, information, data and documents containing confidential and proprietary research, sales, marketing, financial, design, manufacturing, quality assurance, and test data and information related to the 25 Amp. Type T. Fuse manufactured by Hubbell Power Systems, Inc.

2. The production of the confidential and proprietary research, sales, marketing, financial, design, manufacturing, quality assurance, and test data and information related to the 25 Amp. Type T. Fuse manufactured by Hubbell Power Systems, Inc. without the protection and control of a Protective Order and Non-Disclosure Agreement executed by all parties and their consultants and/or experts, in which the parties stipulate and agree to protect the confidential and proprietary data, information and documents as **"Confidential- Attorneys Eyes Only"** will cause severe prejudice to, and irreparably harm the operations and finances of Hubbell Power Systems, Inc. and erode the company's competitiveness and market share in the fuse manufacturing industry, especially where, as here, the parties to the herein consolidated litigation are competitors of Hubbell Power Systems, Inc.

784395_1

3. The parties subject to the herein Protective Order and Non-Disclosure Agreement, in an effort to facilitate the production of the confidential and proprietary data, information and documents requested by the Plaintiff from Defendant, Hubbell Power Systems, Inc. specifically with regard to the research, sales, marketing, financial, design, manufacturing, quality assurance, and test data and information related to the 25 Amp. Type T. Fuse manufactured by Hubbell Power Systems, Inc., hereby agree and stipulate that the confidential and proprietary information designated as "**Confidential-Attorney Eyes Only**" shall be that information related to the proprietary and/or confidential written, recorded, electronic, photographic, digital, computer programming, computer aided design drawings, and/or schematics and/or software that relate to the research, sales, marketing, financial, design, manufacturing, quality assurance, and test data and information, of the Hubbell Power Systems, Inc.'s 25 Amp. Type T. Fuse.

4. The parties to the herein Stipulated Protective Order and the signatories to the Non-Disclosure Agreement attached hereto and marked as Exhibit "A", hereby stipulate and agree that the confidential and proprietary information identified as "**Confidential-Attorney Eyes Only**" shall be received, processed, handled, stored, distributed and destroyed in the accordance with the terms and conditions set forth in the herein Stipulated Protective Order and the Non-Disclosure Agreement attached hereto and marked as Exhibit, "A".

5. All confidential and proprietary documents designated as "**Confidential-Attorney Eyes Only**" shall be identified as such by the designating party, by promptly marking each such document, "**Confidential-Attorney Eyes Only**" and the documents shall thereafter be treated in accordance with the terms and conditions of this Stipulated Protective Order and the Non-Disclosure Agreement attached hereto and marked as "Exhibit "A".

6. The confidential and proprietary documents marked as **"Confidential-Attorney Eyes Only"** shall be examined only by the attorneys for the parties, employees of the attorneys for the parties, and the consultants and/or experts of the parties, witnesses and/or deponents in the matters, <u>Renee Lempke v. Osmose Utilities et. al.</u>, U.S.D.C. W.D. Pa. Case No. 2:11-cv-01236-GLL, and <u>Renee Lempke v. General Electric, et al.</u>, U.S.D.C. W.D. Pa. Case No. 2:11-cv-01237-GLL who have executed the herein Stipulated Protective Order, and/or signed the Non-Disclosure Agreement in the form attached hereto and marked as Exhibit "A", and have agreed to protect such documents, materials, data and information in accordance with the terms and conditions set forth in the herein Stipulated Protective Order and Non-Disclosure Agreement.

7. Before any person other than trial counsel, and/or a person employed by trial counsel's law firm, examines any of the confidential and proprietary documents designated **"Confidential-Attorney Eyes Only"**, such person shall sign the non-disclosure agreement attached hereto and marked as Exhibit, "A".

8. Copies of the executed Non-Disclosure Agreements shall be sent by facsimile and electronic mail to Counsel for Hubbell Power Systems, Inc. within three (3) business days after the Non-Disclosure document has been signed.

9. The Parties hereby further stipulate and agree that neither the confidential and proprietary documents marked, **"Confidential-Attorney Eyes Only"**, the confidential and proprietary information and/or data contained therein, nor analog, electronic, and/or digital and/or paper and/or recorded copies and/or images of same, shall be examined and/or read and/or possessed and/or controlled and/or copied by the Defendants and/or employees of the Defendants to the herein litigation, whether or not the Defendants and/or the employees of the

784395_1

Parties have signed the herein Protective Order and/or the Non-Disclosure Agreement.

    10.    Counsel for the parties, employees of counsel for the parties, and the consultant and/or experts of the parties who have executed the herein Protective Order and Non-Disclosure Agreement shall process, handle, distribute, and/or use such **"Confidential-Attorney Eyes Only"** documents, any copies made of them, and those portions of any depositions transcripts, affidavits, or other paper that quote, paraphrase, or discuss the substance of such **"Confidential-Attorney Eyes Only"** documents, information and/or data, only to prepare the actions <u>Renee Lempke v. Osmose Utilities et. al.</u>, U.S.D.C. W.D. Pa. Case No. 2:11-cv-01236-GLL, and <u>Renee Lempke v. General Electric, et al.</u>, U.S.D.C. W.D. Pa. Case No. 2:11-cv-01237-GLL for trial, and shall not distribute the documents marked **"Confidential-Attorney Eyes Only"**, the data and information contained therein, nor any copies of any of the documents marked **"Confidential-Attorney Eyes Only"** to any other person or parties except as authorized herein.

    11.    The parties to the herein Stipulated Protective Order further stipulate and agree that they shall not produce any confidential and proprietary documents marked, **"Confidential-Attorney Eyes Only"** to any parties, and/or witnesses and/or consultants and/or experts in the consolidated matter, <u>Renee Lempke v. First Energy Solutions et. al.</u>, Philadelphia CCP. December Term, 2009, Docket No. 03351, unless and until the parties, and/or witnesses and/or consultants, and/or experts in the consolidated matter, <u>Renee Lempke v. First Energy Solutions et. al.</u>, Philadelphia CCP. December Term, 2009, Docket No. 03351, sign the herein Protective Order and/or Non-Disclosure Agreement. In the event that a party and/or witness refuses to agree and/or sign the herein Protective Order and Non-disclosure Agreement, in the consolidated matter, <u>Renee Lempke v. First Energy Solutions et. al.</u>, Philadelphia CCP. December Term, 2009, Docket No. 03351, Plaintiff shall file a motion with the Court in the consolidated matter,

Renee Lempke v. First Energy Solutions et. al., Philadelphia CCP. December Term, 2009, Docket No. 03351 to enforce the Protective Order and Non-disclosure agreement and obtain an order, directing the Party and/or Witnesses who refuses to sign and/or execute the herein Protective Order and Non-Disclosure Agreement to protect the Confidential and Proprietary Documents of Hubbell Power Systems, Inc. which have been marked "Confidential – Attorneys Eyes" in accordance with the terms and conditions of the herein Protective Order and Non-Disclosure Agreement.

12. Any **"Confidential-Attorney Eyes Only"** documents filed with the court and any brief or other paper that quotes, reproduces, or otherwise, divulges the contents of any confidential and proprietary document shall be kept by the clerk under seal and shall be made available only to the court or persons authorized by the terms of this Protective Order to have access thereto. If the appropriate officer of the court does not permit filing in this matter, then such document, brief, paper will be filed as permitted, in the manner that gives the greatest protection to its confidentiality.

13. Nothing set forth in the herein Protective Order, shall restrict counsel from using any documents marked **"Confidential-Attorney Eyes Only"** nor the contents of the documents marked **"Confidential-Attorney Eyes Only"** in the prosecution or defense of this action or interrogating or deposing witnesses as to the subject matter of any document marked **"Confidential-Attorney Eyes Only"**, provided that the document itself is treated in accordance with terms and conditions set forth in the herein Protective Order and in the Non-Disclosure Agreement attached hereto and marked as Exhibit "A". If a witness refuses to agree to be bound by the terms of this Stipulated Protective Order, and refuses to sign the Non-Disclosure Agreement in the form attached hereto and marked as Exhibit "A", the Plaintiff shall be

permitted to file a Motion with the Court in the Pennsylvania Consolidated Matter, <u>Renee Lempke v. First Energy Solutions et. al.</u>, Philadelphia CCP. December Term, 2009, Docket No. 03351 seeking an Order to enforce the terms and conditions of this Protective Order and Non-disclosure agreement and ordering the party and/or witness to protect the Hubbell documents stamped "Confidential-Attorney Eyes Only" abide by the terms and conditions set forth in the herein Protective Order and Non-Disclosure Agreement..

14. Any deposition, hearing and/or trial transcript containing confidential and proprietary information and/or data derived from documents marked **"Confidential-Attorney Eyes Only"** shall itself be protected in accordance with the terms and conditions set forth in the herein Protective Order and Non-Disclosure Agreement. Any deposition, hearing and/or trial transcript containing confidential and proprietary information and or data from documents marked **"Confidential-Attorney Eyes Only"** that is filed with the Court, shall be treated in accordance with the terms and conditions set forth in paragraph 12 of the herein Protective Order.

15. The foregoing is without prejudice to the right of any party: (a) to apply to the court for a further protective order relating to any particular documents or information; (b) to object to any discovery request; or, (c) to apply to the court for a modification of this order.

16. If counsel for a party wishes to object to a document and/or the contents of a document being marked and/or classified as **"Confidential-Attorney Eyes Only"** and subject to the terms and conditions of the herein Stipulated Protective Order and Non-Disclosure Agreement, then, the objecting counsel must file a Motion with the Court setting forth the Party's objection within 45 days of receipt of the document and before Counsel discloses the document marked **"Confidential-Attorney Eyes Only"** and/or the contents of the document

marked "**Confidential-Attorney Eyes Only**" to any other person, party, entity, consultant and/or expert whether or not said person, party entity, consultant, and/or expert has signed the Stipulated Protective Order and/or the Non-Disclosure Agreement.

17. The parties to this Stipulated Protective Order and Non-Disclosure Agreement consent to the jurisdiction of the United States District Court for the Western District of Pennsylvania for the purposes of enforcing the terms and conditions of the herein Protective Order and Non-Disclosure Agreement, and determining: (1) if any party believes that there has been a breach of the terms of this Stipulated Protective Order and/or Non-Disclosure Agreement, whether such breach has occurred; (2) what equitable remedies are available to Hubbell Power Systems, Inc. as a result of such breach and/or disclosure; and, (3) what damages have resulted from any such breach and/or disclosure.

18. The parties to the herein Protective Order further agree that, Hubbell Power Systems, Inc. shall be entitled to equitable relief in addition to whatever remedies they may have at law, upon any such breach or threat of breach of the terms and conditions of the herein Protective Order and/or Non-Disclosure Agreement, whether or not the breach or threat of breach is caused by the Party, the Party's attorney, and/or the consultant and/or expert retained by the Party. If in fact there has been a disclosure of confidential and proprietary documents protected by the herein protective order, a hearing shall be held by the court and the nature and circumstances of the disclosure will be taken into account by the court.

19. The parties to the herein Protective Order further agree to immediately notify Counsel for Hubbell Power Systems, Inc. in writing, by way of facsimile and/or electronic mail within 24 hours of the occurrence of any breach or upon any threat of a breach of the terms and conditions of the herein Protective Order and/or Non-Disclosure Agreement.

20. The parties to the herein Protective Order further agree that the confidential and proprietary information and/or documents marked, **"Confidential-Attorney Eyes Only"**, that comes into the possession and/or control of Counsel for the Parties and the Parties' consultants and/or experts, shall not in any way be used directly or indirectly by the parties, their attorneys and/or their consultants and/or experts for purposes other than this litigation and/or only for the litigation in the Pennsylvania Court of Common Pleas consolidated matter, Renee Lempke v. First Energy Solutions et. al., Philadelphia CCP. December Term, 2009, Docket No. 03351 I accordance with the terms and/or conditions of this Protective Order and/or Non-Disclosure Agreement and/or within the terms and conditions of the Order of the Philadelphia Court of Common Pleas enforcing the terms and conditions of the herein Protective Order and Non-Disclosure Agreement and/or shall not be used for material gain, and/or to compete with Hubbell Power Systems, Inc. in the fuse manufacturing industry and/or market and/or to cause harm to Hubbell Power Systems, Inc..

21. The Parties further agree that neither the Parties, their attorneys and/or consultants and/or experts will disclose and/or distribute any documents marked **"Confidential-Attorney Eyes Only"** nor any of the information and/or data contained therein, to any other person, for-profit or not-for-profit organizations and/or companies not authorized to receive such information as set forth in the herein Stipulated Protective Order, and Non-Disclosure Agreement.

22. The Parties further agree that the Parties and their attorneys, consultants and experts shall, at the conclusion of this action, return all documents marked, **"Confidential-Attorney Eyes Only"** in their possession and/or control to Counsel for Hubbell Power Systems, Inc. within thirty (30) days after the dismissal and/or settlement and/or conclusion of the

consolidated Federal court Actions and/or the consolidated action, , <u>Renee Lempke v. First Energy Solutions et. al.</u>, Philadelphia CCP. December Term, 2009, Docket No. 03351.

As stipulated and agreed to by and between the parties in the matters of <u>Renee Lempke v. Osmose Utilities et. al.</u>, U.S.D.C. W.D. Pa. Case No. 2:11-cv-01236-GLL, and <u>Renee Lempke v. General Electric, et al.</u>, U.S.D.C. W.D. Pa. Case No. 2:11-cv-01237-GLL.

Date: 1/3/12    By: *[signature]*
Matthew A. Casey, Esquire
Roberta Golden, Esquire
Gregory Haroutounian, Esquire
Ross Feller Casey, LLP
One Liberty Place, Suite 3450
1650 Market Street
Philadelphia, PA 19103
**Counsel for Plaintiff**

Date: 2-10-2012    By: *[signature]*
Dean F. Murtagh, Esquire
William J. D'Annunzio, Esquire
German, Gallagher & Murtagh P.C.
The Bellevue, Suite 500
200 South Broad Street
Philadelphia Pa. 19102
**Counsel for Defendant,
A.B. Chance, A Division of
Hubbell Power Systems, Inc.**

Date: _____    By: _____
Christopher Parkerson, Esquire
Campbell Campbell Edwards & Conroy PC
One Constitution Plaza
Third Floor
Boston, MA 02129
Tel: (617) 241-3000
Facsimile: (617) 241-5115
E-mail: cparkerson@Campbell-trial-lawyers.com
**Attorney for Defendants, General Electric
Company and GE Industrial Solutions**

784395_1

consolidated Federal court Actions and/or the consolidated action, , <u>Renee Lempke v. First Energy Solutions et. al.</u>, Philadelphia CCP. December Term, 2009, Docket No. 03351.

As stipulated and agreed to by and between the parties in the matters of <u>Renee Lempke v. Osmose Utilities et. al.</u>, U.S.D.C. W.D. Pa. Case No. 2:11-cv-01236-GLL, and <u>Renee Lempke v. General Electric, et al.</u>, U.S.D.C. W.D. Pa. Case No. 2:11-cv-01237-GLL.

Date:_____  By: _____
Matthew A. Casey, Esquire
Gregory Haroutounian, Esquire
Ross Feller Casey, LLP
One Liberty Place, Suite 3450
1650 Market Street
Philadelphia, PA 19103
**Counsel for Plaintiff**

Date:_____  By: _____
Dean F. Murtagh, Esquire
William J. D'Annunzio, Esquire
German, Gallagher & Murtagh P.C.
The Bellevue, Suite 500
200 South Broad Street
Philadelphia Pa. 19102
Counsel for Defendant,
A.B. Chance, A Division of
Hubbell Power Systems, Inc.

Date: 12-21-11  By: _____
Christopher Parkerson, Esquire
Campbell Campbell Edwards & Conroy PC
One Constitution Plaza
Third Floor
Boston, MA 02129
Tel: (617) 241-3000
Facsimile: (617) 241-5115
E-mail: cparkerson@Campbell-trial-lawyers.com
**Attorney for Defendants, General Electric Company and GE Industrial Solutions**

784395_1

Date: 12/20/11      By: _____
                        Allen Bunker, Esquire
                        Anthony J. Comerota, Esquire
                        Comeau & Bunker
                        Four Penn Center, Suite 500
                        1600 JFK Boulevard
                        Philadelphia, PA 19103
                        **Attorney for Defendant, Schweitzer
                        Engineering Laboratories, Inc.**

Date: _____     By: _____
                        John J. Snyder, Esquire
                        William J. Carr, Esquire
                        Joseph A. Gorman, Esquire
                        Rawle & Henderson, LLP
                        The Widener Building, 16th Floor
                        One South Penn Square
                        Philadelphia, PA 19107
                        **Attorney for Defendants,
                        Cooper Bussmann, LLC, Cooper Bussman, Inc.
                        (n/k/a Cooper Bussman, LLC), Cooper
                        Industries, Inc. (n/k/a Cooper Industries, Ltd.)
                        and Cooper Power Systems, Inc. (n/k/a Cooper
                        Power Systems, LLC)**


BY THE COURT:

_____

                                                    J.


784395_1

Date: _____   By: _____
                          Allen Bunker, Esquire
                          Anthony J. Comerota, Esquire
                          Comeau & Bunker
                          Four Penn Center, Suite 500
                          1600 JFK Boulevard
                          Philadelphia, PA 19103
                          **Attorney for Defendant, Schweitzer Engineering Laboratories, Inc.**

Date: 1-11-12        By: _____
                          John J. Snyder, Esquire
                          Michael G. Sabo, Esquire
                          Joseph A. Gorman, Esquire
                          Rawle & Henderson, LLP
                          The Widener Building, 16th Floor
                          One South Penn Square
                          Philadelphia, PA 19107
                          **Attorney for Defendants,
                          Cooper Bussmann, LLC, Cooper Bussman, Inc. (n/k/a Cooper Bussman, LLC), Cooper Industries, Inc. (n/k/a Cooper Industries, Ltd.) and Cooper Power Systems, Inc. (n/k/a Cooper Power Systems, LLC)**

BY THE COURT:

_____
C. J.

784395.1